SUNNYSIDE COAL & COKE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9442. Promulgated December 29, 1927.

*John E. McClure, Esq.*, for the petitioner.
*Granville S. Borden, Esq.*, for the respondent.

OPINION.

TRUSSELL: As regards the issue of depreciation, we are of the opinion that the testimony furnished by the petitioner does not support petitioner's claim either for accelerated depreciation or obsolescence. We are also convinced that the record as made fails to support the affirmative allegations made in the respondent's amended answer, and we, therefore, conclude that the computations made by the respondent, the results of which are shown in the deficiency letter, provide for the period under consideration an entirely reasonable allowance for depreciation of the properties involved and that the Commissioner's determination as set forth in his deficiency letter should not be modified, and that the 8 per cent rate used furnishes in all respects a reasonable allowance. The testimony concerning the asset item here under consideration also fails to support the affirmative allegations of the Commissioner's answer that invested capital should be modified on account of prior exhaustion of this asset account.

 The petitioner began mining coal from its so-called fee property in the year 1915. During the year 1915 the petitioner was entitled to a deduction for depletion under the provisions of the Revenue Act of 1913, section II, subdivision G (b) (second)—

* * * All losses actually sustained within the year and not compensated by insurance or otherwise, including a reasonable allowance for depreciation by use, wear and tear of property, if any; and in the case of mines a reasonable allowance for depletion of ores and all other natural deposits, not to exceed 5 per centum of the gross value at the mine of the output for the year for which the computation is made; * * *.

During the calendar years 1916 and 1917 the petitioner was entitled to depletion deductions under the provisions of the Revenue Act of 1916, section 12, subdivision (b), second—

* * * (b) in the case of mines a reasonable allowance for depletion thereof not to exceed the market value in the mine of the product thereof which has been mined and sold during the year for which the return and computation are made, * * *.

For the subsequent periods of January 1, 1918, to the close of the fiscal year here under consideration the petitioner was and is entitled to deductions for depletion under the provisions of the Revenue Acts of 1918 and 1921, section 234 (a) (9)—

In the case of mines, oil and gas wells, other natural deposits, and timber, a reasonable allowance for depletion and for depreciation of improvements,

according to the peculiar conditions in each case, based upon cost including cost of development not otherwise deducted: *Provided,* That in the case of such properties acquired prior to March 1, 1913, the fair market value of the property (or the taxpayer's interest therein) on that date shall be taken in lieu of cost up to that date: * * *.

The comparable section and provisions of the Act of 1921 are in substantially the same language as the above quoted portion of the Act of 1918.

The respondent has applied the unit of depletion found under the provisions of the 1918 Act to the coal mined in the calendar years 1915 and 1916 and set up a hypothetical depletion reserve for those years based upon that computation. For the period from January 1, 1917, to April 30, 1917, he has allowed a depletion deduction in the amount of $1,566.73, and for the fiscal year ended April 30, 1918, in the amount of $6,240.95. For the following years he has applied the unit rate of 3.2677 cents upon the coal removal. He thus found that an allowance for depletion in the year ended April 30, 1921, in the amount of $704.71 completes the total of the March 1, 1913, value.

In making this computation the Commissioner appears to have entirely overlooked the fact that under the 1913 Act the petitioner was entitled to a depletion. deduction upon an entirely different basis from that provided in the Acts of 1918 and 1921, and that for the calendar years 1916 and 1917 the petitioner was again entitled to depletion deductions upon an entirely different basis than under the 1913 Act or the subsequent Acts of 1918 and 1921.

Under the provisions of the Acts of 1913 and 1916 the amount which a taxpayer was entitled to recover through depletion was wholly different under each of said Acts as well as under the Acts of 1918 and 1921, and we are of the opinion that the amounts allowable under the 1913 and 1916 Acts whether greater or less than the amounts allowable under the later Acts should not be permitted to limit the depletion deductions authorized by the Acts of 1918 and 1921. And, if it may be that under the 1913 and 1916 Acts an amount may have been allowed as a deduction greater than the amount authorized by law, the remedy is in seeking a revision of the tax returns for those years and not in depriving the taxpayer of his authorized deduction under the 1918 and 1921 Acts. Cf. *United States* v. *Ludey*, 274 U. S. 295; 47 Supreme Court 608, 611, where the court said:

* * * If in any year he has failed to claim, or has been denied, the amount to which he was entitled, rectification of the error must be sought through a review of the action of the bureau for that year.

On March 1, 1913, the petitioner owned coal in the ground in the amount of 447,000 tons. Prior to May 1, 1920, the petitioner had

removed 307,698 tons of this same coal. During its fiscal year ended May 31, 1921, it had removed 74,760 tons of this same coal and under the provisions of the Revenue Acts of 1918 and 1921, the petitioner is entitled to a deduction for each ton of coal mined in an amount based upon the agreed March 1, 1913, value, which amount is 3.2677 cents per ton.

The respondent's elimination of $16,407.19 from invested capital was erroneously made. The March 1, 1913, value of a capital asset has no relation to the computation of invested capital and in the situation here presented the petitioner's asset item of coal lands and coal rights should be reflected in invested capital for the fiscal year ended April 30, 1921, in the amount of their cost, which we have found to be $32,254.09, but against which there should be charged the amount of a depletion reserve found by applying the cost per ton of the original estimated coal content of the mine to the number of tons removed, but in no event greater than the amount of depletion actually allowable as deductions from gross income during the years of operation.

The deficiency should be recomputed in accordance with the foregoing opinion.

Reviewed by the Board.

*Judgment will be entered upon 15 days' notice, pursuant to Rule 50.*